UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21- cr-270-4 (JEB) |
| : | |
| NOMAR FRANCISCO MEDINA DIAZ, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum in support of its request that the Court accept the terms of the plea agreement, and sentence the defendant to 90 months imprisonment, followed by four years of supervised release, a $100 special assessment, and a forfeiture money judgment in the amount of $2,000,000.

## FACTUAL BACKGRPIND

Beginning around October of 2019 and continuing up to about April 15, 2021, within the District of Columbia, Maryland, Puerto Rico, Florida, and elsewhere, the defendant, Nomar Francisco Medina Diaz, conspired to distribute and possess with the intent to distribute 500 grams or more of cocaine with others. Specifically, the Federal Bureau of Investigation (FBI), the United States Postal Inspector Service (USPIS), the Montgomery County Police Department (MCPD), and the Frederick County Police Department (FCPD), have been conducting a large-scale narcotics, violent crime, and money laundering investigation into a Puerto Rico based drug trafficking organization (DTO). Based on the investigation to date, law enforcement agents have identified multiple Puerto Rico based individuals, to include the defendant, who are involved in trafficking multiple kilograms of cocaine a month, via the United States Postal Service (USPS), to

1

the mainland United States including the Washington D.C. area. In turn, Washington, D.C. and Maryland-based members of the DTO distributed the cocaine throughout the greater-Washington, D.C. area.

Cooperating witnesses (CWs) have pled guilty to the offense of conspiracy to distribute and possess five kilograms or more of cocaine and agreed to assist law enforcement in hopes of receiving a lesser sentence. The CWs were shown known photographs of several individuals and positively identified members of the drug conspiracy, including the defendant. The CWs also explained the various roles of the members of the conspiracy. According to the CWs, the defendant's primary job was to package the cocaine and mail the packages of cocaine to addresses on the mainland United States, as well as travel to the mainland United States to collect drug proceeds from the Washington, D.C. based DTO members. The defendant took instruction from a co-conspirator regarding actions of the Puerto Rico based DTO.

Law enforcement has identified at least 65 parcels shipped from Puerto Rico to the mainland United States believed to contain cocaine shipped by this DTO. Law enforcement has intercepted and lawfully searched a number of these parcels. Each parcel intercepted and searched contained kilogram quantities of cocaine verified by drug analysis. To date, cocaine analyzed from these parcels and undercover purchases in the Washington, D.C. area totals over 500 grams.

These parcels were shipped from different post offices around San Juan, Puerto Rico— usually with fictitious names and addresses for the sender and recipient in an attempt to evade detection by law enforcement. Law enforcement estimates that the remaining non-seized parcels each contained approximately .5 to two kilograms of cocaine based upon what has been recovered in parcels seized, as well as information provided by CWs.

On April 1, 2021, the defendant along with Co-conspirator-1, Co-conspirator-2, and Co-

conspirator-3, were indicted in a one-count indictment charging the offense of conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 United States Code Sections 846, 841(a)(1) and 841(b)(1)(A)(ii), *see* Case No. 21-cr-270 (JEB).  On April 15, 2021, during a law enforcement coordinated takedown, a search warrant was executed at the defendant's residence as well as the residence of a co-conspirator.  At the co-conspirator's residence, law enforcement found a receipt for a USPS parcel which was mailed on April 9, 2021.  Law enforcement was able to locate the parcel in the mail-stream (it had been returned as undeliverable).  The parcel was lawfully searched pursuant to a search warrant on April 19, 2021. From the parcel, agents seized a kilogram of cocaine with wrapping that was consistent with prior seized parcels.  Law enforcement has also identified additional parcels mailed the same day which match the same characteristics. The defendant was seen by law enforcement at the co-conspirator's residence on or about April 12, 2021.

Through travel records and surveillance, law enforcement was also aware of repeated travel by the defendant and other co-conspirators between Puerto Rico, areas around Washington, D.C.-Maryland, and other locations on the east coast in furtherance of drug trafficking.

For example, in late September 2020, law enforcement received information from an airline that the defendant was scheduled to travel with two co-conspirators to the Philadelphia, Pennsylvania area in early October 2020.  A couple weeks later, the defendant also travelled from Puerto Rico to the Baltimore, Maryland area with two co-conspirators.  On October 13, 2021, law enforcement observed the defendant along with Co-conspirator-2, and Co-conspirator-3 leaving BWI and arriving at San Juan's Luis Munoz Marin International Airport.  The CWs told law enforcement these trips were to obtain drug proceeds from previous supplied cocaine shipments,

and the CWs said that they personally provided the trio drug proceeds.

Through investigation, law enforcement has also been able to establish repeated and consistent telephone contacts between the defendant, Co-conspirator-1, Co-conspirator-2, and Co-conspirator-3. Law enforcement has identified at least two telephone numbers believed to be used by the defendant—both subscribed to other individuals or entities other than the defendant. Notably, one of these telephones was activated on October 15, 2021. Both of these telephone numbers were used to make airline reservations by the defendant and were in contact with numbers associated with other co-conspirators.

The defendant acknowledges and agrees that, during the course of the conspiracy, he is accountable for at least 50 kilograms of cocaine but less than 150 kilograms, which amounts represent the total amount that the defendant distributed or possessed with intent to distribute, or was reasonably foreseeable conduct of the co-conspirators.

Sentencing Guidelines

The government and defendant are in agreement with the Guidelines calculations utilized in the Pre-Sentence Report (PSR). The PSR writer (Ms. Aidee V. Gavito) calculated the defendant's total offense level at 31. *See* PSR ¶ 36. Ms. Gavito correctly calculated the defendant's criminal history score as Category I. *See* PSR ¶ 39. The PSR, the government, and the defendant are in agreement that the defendant's Guidelines range is correctly calculated at 108-135 months imprisonment, with a mandatory-minimum sentence of 60 months imprisonment. *See* PSR ¶ 75.

Nature and Circumstances of the Offense

As stated above, this case involved the defendant assisting a large-scale Puerto Rican drug trafficking organization with the exportation of multi-kilogram quantities of cocaine for

approximately at least 18 months, and the quantities distributed are substantial – between 50 and 150 kilograms. The defendant packaged the kilogram quantiles of cocaine, and flew to the mainland united States to collect drug proceeds. In sum, the defendant knew full-well his conduct was illegal and dangerous, but chose profiting from distributing illegal substances over following the law. The nature of the offense is a very serious one because of the quantities imported into Washington, D.C.

<u>Defendant's History and Characteristics</u>

The defendant is a 36-year old man, who has a high school degree and some college education. *See* PSR ¶ 57. The defendant has a detailed employment history, including owning a local restaurant in Puerto Rico. *See* PSR ¶ 58-66. The defendant has no criminal history, and this offense appears to be his first violation of the law. *See* PSR ¶ 37-43. Additionally, the defendant is married with two teenage children.

<u>Acceptance of the Rule 11( C)(1)( C) Plea</u>

To the defendant's credit, he agreed to plead guilty very early on in the criminal process. Defense counsel reached out to the government early in the process and wanted to discuss plea options. The result of the plea taking 11 months was a function of COVID-19 issues, the government attempting to resolve this case with a global plea agreement, and the parties agreeing to terms satisfactory to both parties. Additionally, the defendant did not expend court, government, and taxpayers resources – he did not file any motions or request any hearings in this matter.

Further, although the defendant does not qualify for the safety valve as set forth in Title 18, United States Code, Section 3553(f), had he qualified, his Guidelines range would be 87-108 months imprisonment. Lastly, United States Probation has recommended that the Court accept

the terms of the parties plea arrangement, *see* ECF Document 39.

## CONCLUSION

Consideration of the factors set forth in Section 3553(a) leads to the conclusion that a sentence of 90 months imprisonment followed by four years of supervised release is warranted. The government has considered what would be an appropriate sentence for the defendant, balancing the seriousness of the offense, the need for just punishment, the threat the defendant poses to the community, and affording adequate deterrence to criminal conduct, based upon a consideration of all of the factors set forth in Title 18, United States Code, Section 3553(a).

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By: */s Anthony Scarpelli*
Anthony Scarpelli
D.C. Bar No. 474711
202-252-7707
anthony.scarpelli@usdoj.gov
David T. Henek
N.Y. Bar No. 5109111
david.t.henek@usdoj.gov
202-252-7825
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530